UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

JAMAR HOLDEN,

                       Petitioner,            **MEMORANDUM & ORDER**
                                                                       15-CV-4548 (MKB)
          v.

THOMAS GRIFFIN,

                       Respondent.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       By petition dated July 27, 2015, Petitioner Jamar Holden, currently incarcerated at Green Haven Correctional Facility, commenced this action pursuant to 28 U.S.C. § 2254, alleging that he is being held in state custody in violation of his federal constitutional rights. Petitioner's claims arise from a 2008 judgment of conviction entered in the New York State Supreme Court, Kings County ("Kings County Supreme Court"), for murder in the second degree, bribing a witness and criminal possession of a weapon in the second degree. (Pet. ¶¶ 1–2, 5, Docket Entry No. 1.) Petitioner's application to proceed *in forma pauperis* is granted. The Court has conducted an initial review of this petition and, for the reasons set forth below, determined that the petition appears to be time-barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or the "Act"). Therefore, petitioner is directed to submit an affirmation, within twenty (20) days of the entry of this Order, explaining why the petition should not be dismissed as time-barred.

    **I. Background**

       In August of 2008, following a jury trial, Petitioner was sentenced to a term of twenty-five years to life in prison for murder in the second degree, bribing a witness, and criminal

possession of a weapon. (Pet. ¶¶ 2–3, 5–6.) Petitioner appealed his conviction to the New York State Supreme Court, Appellate Division, Second Department ("Appellate Division"), raising the following six arguments: (1) his confrontation rights were violated, (2) the trial judge improperly admitted evidence of prior bad acts, (3) the prosecution knowingly presented false testimony, (4) the prosecution made an improper comment during summation, (5) "*Rosacio* violation," and (6) the grand jury proceedings were in some way defective. (Pet. ¶ 9.) On March 15, 2011, the Appellate Division affirmed Petitioner's conviction. *People v. Holden*, 918 N.Y.S.2d 773, 775 (App. Div. 2011). The New York State Court of Appeals denied leave to appeal, without opinion, on May 26, 2011. *People v. Holden*, 16 N.Y.3d 895, 895 (2011).

On October 11, 2011, Petitioner filed a "post conviction motion" in the Kings County Supreme Court, arguing that his indictment was jurisdictionally defective. (Pet. ¶ 11(a).) His application was denied on January 11, 2012. (*Id.*) On March 11, 2013, Petitioner filed a second post-conviction motion, arguing that he was in possession of newly discovered evidence that "testimony was false, and [the] prosecutor knew such testimony to be false." (Pet. ¶ 11(b).) He also alleged ineffective assistance of counsel. (*Id.*) His second motion was denied on December 23, 2014. (*Id.*)

Petitioner filed this petition for habeas corpus, arguing that the prosecutor in his criminal action knowingly presented an officer's false testimony, regarding an "excited utterance" from the victim of the crimes of which Petitioner was convicted.[1] (Pet. ¶ 12.) Petitioner alleges that he raised this ground on his direct appeal. (*Id.*) Petitioner argues that there is "[n]ewly discovered evidence that acknowledges false testimony," including a letter from the District

---

[1] Petitioner appears to object to the fact that the "excited utterance" was uttered in response to a question from the officer at the scene of the crime. (Pet. ¶ 12.)

Attorney's office which shows that an "assistant was aware of the falsity" of the testimony (the "false testimony claim"). (*Id.*) Petitioner also alleges ineffective assistance of counsel. (*Id.*) Petitioner did not indicate whether he has raised these latter two grounds on direct appeal or in collateral state proceedings.

## II. Discussion

The AEDPA, signed into law on April 24, 1996, provides for a one-year statute of limitations for the filing of a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. 28 U.S.C § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D); *see also Lindh v. Murphy*, 521 U.S. 320, 327 (1997) (interpreting § 2244 to apply "to the general run of habeas cases . . . when those cases had been filed after the date of the Act"). A judgment of conviction is "final" within the meaning of 28 U.S.C. § 2244(d)(1)(A) upon completion of a defendant's direct appeal in the respective state's highest court and either completion of proceedings before the United States Supreme Court if the petitioner chooses to file for a writ of certiorari, or the expiration of time to seek certiorari before

the United States Supreme Court. *McKinney v. Artuz*, 326 F.3d 87, 96 (2d Cir. 2003); *Williams v. Artuz*, 237 F.3d 147, 150–51 (2d Cir. 2001) (noting a petitioner's judgment of conviction becomes final ninety days from the date the New York Court of Appeals denies leave to appeal).

### a. Date of final judgment

Petitioner's conviction became final on August 24, 2011, ninety days after the Court of Appeals denied him leave to appeal. *See McKinney*, 326 F.3d at 96. Under 28 U.S.C. § 2244(d)(1)(A), the period to file the instant petition expired on August 24, 2012, unless Petitioner can demonstrate grounds for statutory or equitable tolling.[2]

### b. Newly discovered evidence

Petitioner states that he has "newly discovered evidence" regarding the allegedly false testimony of the officer at his trial (his "false testimony claim"). (Pet. ¶ 12.) This indicates that the limitations period may have started to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D). The Second Circuit has explained that the "factual predicate" of a claim consists "only of the 'vital facts'" underlying it, and not of "new information . . . that merely supports or strengthens a claim that could have been properly stated" before. *Rivas v. Fischer*, 687 F.3d 514, 534–35 (2d Cir. 2012); *Caldarola v. Capra*, No. 12-CV-6133, 2013 WL 5328197, at *11–12 (S.D.N.Y. Sept. 6, 2013) (citing *Rivas*, 687 F.3d at 534–35), *appeal dismissed* (Dec. 19, 2013). For example, in *Shabazz v. Filion*, 402 F. App'x 629 (2d Cir. 2010), the court found that the "factual predicate" for a claim arising from false testimony of a witness at trial could have been discovered once the witness recanted his testimony five years later, alerting petitioner to the fact that the testimony was false. 402 F. App'x at 630–31.

---

[2] The Court addresses the applicability of tolling below.

To the extent Petitioner has new evidence to support his false testimony claim, the discovery of that evidence would not necessarily start the limitations period anew, unless the newly discovered facts themselves form a basis for the claim. The allegations in the petition are vague, but Petitioner appears to have raised his false testimony claim on direct appeal to the Appellate Division and in his March 11, 2013 collateral review motion. On the face of the petition, it appears as though the "vital facts" underlying Petitioner's "false testimony" claim have been known to him since his direct appeal, thus Petitioner is not entitled to a later start date of the limitations period. *See Rivas*, 687 F.3d at 536 (finding that the factual predicate for claim, arising from medical examiner's false testimony, arose at the time examiner's file was produced to petitioner and not at the time petitioner gained additional evidence regarding the false testimony, as the testimony was contradicted by documents in the file and petitioner would have known the testimony was false upon review of the file).

Petitioner presents no facts as to his ineffective assistance of counsel claim, but it appears as though Petitioner alleges that his trial or appellate counsel was ineffective. Accordingly, the factual predicate for the ineffective assistance of counsel claim would have been known to Petitioner before August 24, 2011, when his conviction became final. *See Rivas*, 687 F.3d at 535, 537 (noting that "[c]onclusions drawn from pre-existing facts, even if the conclusions are themselves new, are not factual predicates for a claim," and indicating that factual predicate of ineffective assistance of counsel claim concerning errors made prior to or during trial arose at the time the errors were made); *Murphy v. Strack*, 9 F. App'x 71, 73 (2d Cir. 2001) (noting that factual predicate of petitioner's ineffective assistance of counsel claims were known to him at the time his trial counsel advised petitioner that he had to testify during his criminal trial, regardless of the fact that petitioner was unaware of his constitutional right not to testify until years later);

5

*Caldarola*, 2015 WL 5328197, at *13 ("That Petitioner may later [after trial] have concluded that counsel's performance was deficient does not support application of Section 2244(d)(1)(D)."). Thus, the limitations period would begin on August 24, 2011, and Petitioner's ineffective assistance of counsel claim would be untimely.

If Petitioner has additional information about when he became aware of the factual basis for his claims, Petitioner is directed to include those facts in the attached affirmation.

    c.   **Statutory tolling**

In calculating the one-year limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment of claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). However, filing a post-conviction motion does not re-start the one-year statute of limitations period anew. Rather, the tolling provision under section 2244(d)(2) merely excludes the amount of time a post-conviction motion is under submission from the calculation of the one-year statute of limitations. *Saunders v. Senkowski*, 587 F.3d 543, 548 (2d Cir. 2009) (noting that a section 440.10 motion is "pending" beginning on the day it is filed and ending when it is disposed); *Doe v. Menefee*, 391 F.3d 147, 154 (2d Cir. 2004) (noting that a state collateral proceeding commenced after the limitations period has run does not restart the limitations period); *Smith v. McGinnis*, 208 F.3d 13, 16 (2d Cir. 2000) (per curiam).

Petitioner filed two post-conviction motions. On October 11, 2011, petitioner filed a post-conviction motion, which was denied on January 11, 2012. (Pet. ¶ 11.) On March 11, 2013, petitioner filed a second post-conviction motion, which was denied on December 23, 2014. (*Id.*) Petitioner's first post-conviction motion was pending for ninety-two days, which extended the end date of the limitations period from August 24, 2012 to November 24, 2012. Because

Petitioner's second post-conviction motion was filed after the one-year period had expired, it cannot serve to toll the limitations period under Section 2244(d)(2). *See Doe*, 391 F.3d at 154. Therefore, although Petitioner's first post-conviction motion would toll the limitations period for the time it was pending, his petition, filed over two and a half years after the limitations period expired, is still untimely.

### d. Equitable tolling

Courts will equitably toll the statute of limitations for a period of time if the petitioner shows, for the relevant period, "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Dillon v. Conway*, 642 F.3d 358, 362 (2d Cir. 2011) (quoting *Holland v. Florida,* 560 U.S. 631, 649 (2010)) (internal quotation marks omitted). To show that he has been pursuing his rights, a petitioner must demonstrate that he acted with "reasonable diligence throughout the period he seeks to toll." *Smith*, 208 F.3d at 17 (citing *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d. Cir 1996)); *see Harper v. Ercole*, 648 F.3d 132, 134 (2d Cir. 2011) (A petitioner is "required to show reasonable diligence in pursuing his claim throughout the period he seeks to have tolled."). Additionally, application of equitable tolling is only warranted in rare and exceptional cases, where "extraordinary circumstances" — meaning severe obstacles to petitioner's ability to comply with AEDPA's limitation period — prevent the petitioner from filing on time. *Bolarinwa v. Williams*, 593 F.3d 226, 231 (2d Cir. 2010) (noting that mental incapacity may constitute extraordinary circumstances, depending on the facts presented); *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) (Equitable tolling "requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner,

acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances."). On the present record, there is no basis for equitable tolling.

  e. **Actual innocence**

A credible and compelling claim of actual innocence may warrant review of a petition for habeas corpus on the merits, notwithstanding a failure to file within the limitations period. *Rivas*, 687 F.3d at 540. Petitioner has made no such claim here.

## III. Conclusion

Petitioner is directed to show cause by written affirmation, within twenty (20) days from the entry of this Order, why the instant petition should not be dismissed as time-barred.[3] *Day v. McDonough*, 547 U.S. 198, 210 (2006) (citing, *inter alia*, *Acosta v. Artuz*, 221 F.3d 117, 124–125 (2d Cir. 2000)) (noting that, before acting on its own initiative to dismiss petition as untimely, court must accord the parties fair notice and an opportunity to present their positions). Petitioner's affirmation should include any facts which would support a finding that the statute of limitations period runs from a date other than August 24, 2011, or facts which would show the statute of limitations should be tolled further.

No response to the petition shall be required at this time and all further proceedings shall be stayed for twenty (20) days for Petitioner to comply with this Order. If Petitioner fails to

---

[3] An affirmation form is attached to this Order.

8

comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred. 28 U.S.C. § 2244(d).

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: September 30, 2015
      Brooklyn, New York

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------

JAMAR HOLDEN,

                Petitioner,              **PETITIONER'S AFFIRMATION**
                                                          15-CV-4548 (MKB)

      v.

THOMAS GRIFFIN,

                Respondent.
----------------------------------------------------------------

STATE OF _____ }
COUNTY OF _____ } SS:

    Jamar Holden makes the following affirmation under the penalties of perjury:

    I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's order dated _____.  The instant petition should not be time-barred by the one-year statute of limitations because _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____  	_____
	Signature

	_____
	Address

	_____
	City, State & ZIP